**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KENTAYVIA TOWNES, on behalf of herself and on behalf of all others similarly situated,** | ) | |
| | ) | **Case: 1:26-cv-02900** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **SERENITY HOME HEALTHCARE, INC. AND AYOWALE ALAO (Individually),** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff, Kentayvia Townes ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Serenity Home Healthcare, Inc. and Ayowale Alao (individually) (collectively referred to as "Defendants"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA"), for Defendants' failure to pay minimum wage for all hours worked and for overtime wages to Plaintiff and other similarly situated persons. Plaintiff and other non-exempt employees worked in excess of forty (40) hours per week, but Defendants did not pay them overtime wages at a rate of one and one-half times their regular rate of pay.

2. This lawsuit further arises under the Illinois Minimum Wage Law, 820 ILCS 105/4a ("IMWL"), for Defendants' failure to pay minimum wage for all hours worked and overtime wages to Plaintiff and other similarly situated persons.

3. Plaintiff's consent form to act as representative party plaintiff in this FLSA, 29 U.S.C. § 201, *et. seq.*, and IMWL, 820 ILCS 105/4a minimum wage case is attached hereto as

Exhibit "A."

**JURISDICTION AND VENUE**

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to 29 U.S.C. § 201, *et seq*.

5. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendants operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

6. This Court has pendent jurisdiction and supplementary jurisdiction of Count II and IV through 28 U.S.C. § 1367.

**PARTIES**

7. At all times material to the allegations of this Complaint, Plaintiff, Kentayvia Townes resided in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant Serenity Home Healthcare, Inc. was a corporation doing business in and for Cook County, whose address was 6640 W. Touhy Ave., Niles, Illinois, 60714.

9. At all times material to the allegations in this Complaint, Defendant Ayowale Alao resided in Cook County in the State of Illinois, whose address was 6647 N. Kolmar Ave., Lincolnwood, Illinois, 60712-3331.

10. Plaintiff was Defendants' "employee" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(d).

11. Defendants were Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

12. Defendant Serenity Home Healthcare, Inc. was an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and was an enterprise engaged in commerce or in the production of

goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

13. Each named Defendant, individually and as a group, is a "person" and an "employer" within the meaning of the 29 U.S.C. § 203 (a) and (d) and may hereinafter be referred to jointly as the "Employer" or collectively as "Defendants."

14. Moreover, this same "Employer," individually or together as a group, is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(r) and (s).

## GENERAL FACTUAL ALLEGATIONS

15. Plaintiff was employed by Defendants as a caregiver (a non-exempt employee) beginning on November 18, 2025.

16. Plaintiff currently remains in this position.

17. Plaintiff's job duties included but are not limited to: personal care (bathing, dressing, grooming); companionship; medication reminders; meal preparation; light housekeeping; and mobility assistance.

18. Plaintiff performed a specific job which was an integral part of the business of Defendants.

19. Defendant Serenity Home Healthcare, Inc. was owned and operated by Defendant Ayowale Alao.

20. Plaintiff routinely worked over forty (40) hours or more in a work week, but Defendants paid less than the total sum of hours worked by Plaintiff on each paycheck regardless of Plaintiff working more than 80 hours in the bi-weekly pay period.

21. For example, Plaintiff worked more than 40 hours each seven-day work week in the pay period of December 28, 2025, to January 10, 2026.

22. Plaintiff was only paid for 48 hours of work for that pay period.

23. Since December 2, 2025, Plaintiff's employer has consistently removed and

reduced hours from Plaintiff's timesheet and paycheck because of insurance reasons.

24. Plaintiff's supervisor Branch Supervisor, Kaosarat Alaran, told Plaintiff that Defendants can only cover about 66 hours.

25. However, Plaintiff is working roughly 90 hours per pay period.

26. Plaintiff's checks for pay periods in or around January 2026 have had 48 hours, when each should have been 90 hours.

27. Plaintiff’s routine hours are 9:00 a.m. to 6:00 p.m.

28. Plaintiff works a regular daily schedule from 9:00 a.m. to 6:00 p.m. and provides direct care services to clients as assigned to her by Serenity.

29. Plaintiff’s position is hourly and her compensation is based on the number of hours she works for each pay period.

30. Plaintiff works approximately 90 hours per pay period based on her assigned schedule and actual time worked.

31. Defendants have failed to compensate Plaintiff for all of those hours.

32. Despite Defendants’ admission of the unlawful conduct resulting in Plaintiff’s decreased pay, Plaintiff continued to be scheduled to work and did in fact work hours in excess of the stated insurance coverage limit.

33. Plaintiff was not instructed to stop working once she reached a certain number of hours, nor was her schedule reduced to align with the purported cap on payable hours.

34. The reported reductions to Plaintiff’s paid hours were not due to absences, tardiness, or time not worked, but rather was the result of the Defendants’ decision to remove hours from Plaintiff’s paycheck after the work had already been performed.

35. Plaintiff was never informed, prior to working the hours, that she would not be paid

for all hours worked, nor did she agree to forgo compensation for any portion of her scheduled or actual work time.

36. In most if not all workweeks, Plaintiff and other non-exempt employees worked in excess of forty (40) hours per week, but Defendants did not pay them overtime wages at a rate of one and one-half times their regular rate of pay.

37. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendant did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

38. Not only did Defendants fail to pay Plaintiff time and one-half her regular rate of pay for all hours worked in excess of forty (40) hours within a work week during one or more weeks of employment, but Defendants failed to pay Plaintiff any sum at all for hours worked in excess of forty (40) hours within a work week.

39. As a result of these practices, Plaintiff is owed lost wages and liquidated damages as a result of not being paid overtime.

40. Plaintiff engaged in protected activity on numerous occasions to complain to Defendants about not being paid overtime.

41. Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, to the extent they have not been destroyed by Defendants, are in Defendants' possession.

## 29 U.S.C. § 206(a) COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff asserts Plaintiff's Count I under the FLSA, pursuant to 29 U.S.C. § 206(a) on behalf of Plaintiff and on behalf of all similarly situated employees currently and formerly employed by Defendant.

43. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

> **206(a) Class: All current and former non-exempt non-salaried employees of Serenity Home Healthcare, Inc. and Ayowale Alao who were not compensated at least minimum wages for all hours worked.**

44. All potential § 206(a) Class Members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were not paid minimum wage for all hours worked.

## 29 U.S.C. § 216(b) COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff asserts her Count I and Count II claims, pursuant to 29 U.S.C. § 216(b) on behalf of herself and on behalf of all similarly situated employees currently and formerly employed by Defendant.

46. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

> **216(b) Class: All current and former employees of Serenity Home Healthcare, Inc. and Ayowale Alao (individually) who were not compensated overtime wages for those hours worked in excess of forty (40) hours within a work week.**

47. All potential 216(b) Class members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were paid no more than forty (40) hours a work week without regard to the actual number of hours worked, which far exceeded forty (40) hours.

## COUNT I
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq.**
**Failure to Pay Overtime**
**(Plaintiff on her own behalf and on behalf of all similarly situated employees)**

48. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

49. By virtue of the conduct alleged herein, Defendants failed to pay overtime wages

to Plaintiff and all other similarly situated employees for all time worked in excess of forty (40) hours in individual workweeks in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., ("FLSA").

50. During the course of her employment by Defendants, Plaintiff and all other similarly situated employees were not exempt from the overtime wage provisions of the FLSA.

51. Plaintiff and all other similarly situated employees were directed by Defendants to work, and did work, in excess of forty (40) hours per week in one or more individual workweeks.

52. Pursuant to the FLSA, Plaintiff and all other similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular rate of pay for all weeks worked in excess of forty (40) hours.

53. Defendants did not compensate Plaintiff and all other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

54. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

**COUNT II**
**Violation of the IMWL, 820 ILCS 105/4a. – Failure to Pay Overtime**
**(Plaintiff on her own behalf and on behalf of all similarly situated employees)**

55. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

56. By virtue of the conduct alleged herein, Defendants failed to pay overtime wages to Plaintiff and all other similarly situated employees for all time worked in excess of forty (40) hours in individual workweeks in violation of the Illinois Minimum Wage Law, 820 ILCS 105/4a ("IMWL").

57. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

58. Pursuant to the IMWL Pursuant to the FLSA, Plaintiff was entitled to be compensated at a rate of one and one-half times her regular rate of pay for all weeks worked in excess of forty (40) hours in individual workweeks.

59. Defendants violated the IMWL by refusing to compensate Plaintiff at one and one-half times her normal hourly rate of pay for all hours worked in excess of forty (40) hours per week.

60. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover their unpaid wages, damages of 5% of the amount of any such underpayment for each month following the date of payment during which such underpayments remain unpaid.

**COUNT III**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**(Failure to Pay Minimum Wage)**

61. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

62. By virtue of the conduct alleged herein, Defendants failed to pay minimum wage to Plaintiff and all other similarly situated employees for all hours worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

63. During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the FLSA.

64. Plaintiff was directed by Defendant to work, and did work, and were not paid for all hours worked.

65. Pursuant to the FLSA, for all weeks during which Plaintiff worked, she was entitled to be compensated at a rate of 100% of their regular rate of pay.

66. Defendant did not compensate Plaintiff at a rate of 100% of their regular rate of pay for all hours worked.

67. Defendants' failure and refusal to pay minimum wage for all hours worked was a willful violation of the FLSA, 29 U.S.C. § 206.

**COUNT IV**
**Violation of the IMWL, 820 ILCS 105/4a(1)**
**(Failure to Pay Minimum Wage)**

68. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

69. By virtue of the conduct alleged herein, Defendants failed to pay minimum wage to Plaintiff and all other similarly situated employees for all hours worked in violation of the minimum wage compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a(1) ("IMWL").

70. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

71. Pursuant to IMWL, for all weeks during which Plaintiff worked, Plaintiff was entitled to be compensated at a rate of 100% of their regular rate of pay.

72. Defendant did not compensate Plaintiff at a rate of 100% of their regular rate of pay for all hours worked.

73. Defendant violated the IMWL by refusing to compensate Plaintiff at the minimum wage rate for all hours worked.

74. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover their unpaid wages, damages of 5% of the amount of any such underpayment for each month following the date of payment during which such underpayments remain unpaid.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff, on behalf of all other similarly situated employees, prays for a judgment against Defendants as follows:

a. A judgment in the amount of one and one-half times Plaintiff and all other similarly

situated employees' regular rate of pay for all hours worked in excess of forty (40) hours in individual workweeks;

b. A judgment in the amount of Plaintiff's regular rate of pay for all hours in which Plaintiff worked;

c. Prejudgment interest pursuant to the formula set forth in 820 ILCS 105/12(a);

d. Liquidated damages in an amount equal to the amount of compensation found due;

e. Reasonable attorneys' fees and costs incurred in filing this action; and

f. For such other and further relief as this Court deems appropriate and just.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated: March 16, 2026.

/s/ ***Chad W. Eisenback***
**CHAD W. EISENBACK, ESQ.**
**NATHAN C. VOLHEIM, ESQ.**
**CHASIDY K. CLARK, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8180
Fax: (630) 575 - 8188
ceisenback@atlaslawcenter.com
nvolheim@atlaslawcenter.com
cclark@atlaslawcenter.com
*Attorneys for Plaintiff*